### BROWN *v.* MUNFORD.

*(Circuit Court, E. D. Virginia.* April 16, 1883.)

1. FEDERAL ELECTIONS—SECTIONS 2005, 2006, REV. ST.—HOW CONSTRUED.

   Sections 2005 and 2006 of the Revised Statutes, although originally contained in the enforcement act of May 31, 1870, which has been repealed, were reenacted as they now stand on the twentieth of June, 1874, as part of the laws relating to the *elective franchise*, passed by congress in virtue of its general power over *federal* elections, and are to be construed as independent enactments.

2. SAME—REFERENCE BY IMPLICATION.

   Although these sections may not refer in terms to *federal* elections, yet it is a necessary implication of law that they do refer to them, congress having general powers of legislation in respect to such elections, and the courts being bound to give effect to such sections in respect to all elections over which congress possesses general powers.

3. SAME—NO APPLICATION TO STATE ELECTIONS.

   These sections do not, however, apply to *state* elections, because in respect to them, in order to be valid under the fifteenth amendment to the constitution, which confers only limited powers of legislation upon congress over state elections, they must contain apt words bringing them within the province of the amendment, which they do not.

4. SAME—VALIDITY UNDER ARTICLE 1 OF CONSTITUTION.

   The fact that these sections are not warranted by the fifteenth amendment does not render them null if authorized by article 1 of the constitution.

Action of Trespass on the Case.

*Edgar Allen,* for plaintiff.

*Robert Stiles,* for defendant.

HUGHES, J.    This suit is brought under sections 2005 and 2006 of the Revised Statutes of the United States.    The declaration charges that the defendant, who was an officer of the state of Virginia, charged by law with the duty of assessing for taxes all persons in Richmond liable to taxes, and especially with the capitation tax, the payment of which was made by law a prerequisite to voting, deprives the defendant, by refusing to assess him, of an equal opportunity with others to qualify himself to vote in Richmond for representatives in congress at an election held on the seventh of November, 1882, the plaintiff being otherwise a qualified voter.    The declaration seems to contain all the averments necessary to be made to bring the case within the scope of sections 2005 and 2006.

The case is before us on a demurrer, and no other ground of demurrer is assigned than that sections 2005 and 2006 do not authorize such a suit as this, because they are themselves void and of no effect.    In argument it was contended that these sections were originally part of the enforcement act of May 31, 1870; that as they stood in that act they were bound by its preamble and context; that as they stood there they applied only to state elections, and could only be valid as to them by authority of the fifteenth amendment of the national constitution; that in order to fall within the authorization of that amendment it was necessary that section 2005 should limit the discrimination between voters, which it made actionable to such discrimination as should be made on account of race, color, or previous condition of servitude; and that as the section corresponding to section 2005 in the act of May, 1870, did not contain words to bring it within the scope of the fifteenth amendment, and section 2005 does not, both are void.

It is unnecessary to go back to the now-repealed law of May, 1870, to determine its meaning and validity.    We do not pretend now to pass upon any question arising under that law, or to construe it. We shall deal only with sections 2005 and 2006 as they stand, stripped of all connection with the act of May, 1870, in the Revised Statutes, and as they were enacted by congress on June 20, 1874, with that revisal.

The questions arising under this demurrer upon these sections are precisely the same as arose the other day on the demurrer of the defendants in the election case of *U. S.* v. *Munford, post,* on section

5506, which latter section also was originally part of the entorcement act of May 31, 1870. We then held that that act was now repealed; that section 5506 now stands in the Revised Statutes as a distinct section, stripped of the context and uninfluenced by the preambles and "aforesaids" of the act of 1870, by which we might originally have been bound to construe it; that it stood upon its own terms and language as a law enacted in 1874 as part of the chapter of the Revised Statutes relating to *crimes against the elective franchise;* that although it may not refer in terms to federal elections, yet it is a necessary implication of law that it does refer to them, congress having general powers of legislation in respect to such elections, and the courts being bound to give effect to the section in respect to all elections over which congress possesses general powers.

The very same question is presented by the demurrer in this case in respect to section 2005. We have only to adhere to our ruling made the other day in the election case. We hold that section 2005 was passed by congress subsequently to the act of May, 1870, as part of the laws of the Revised Statutes relating to the *elective franchise;* that it was passed in virtue of the general powers of congress over federal elections; that it is not, necessarily, to be construed in connection with the preamble and context of the act of May, 1870; that it was enacted independently of such context, as it now stands in the Revised Statutes, on the twentieth of June, 1874; that congress must be held, to have applied it to federal elections whether express language was used to that effect or not; that it does not in its present form and *status* apply to state elections, because, in respect to them, the section, in order to be valid under the fifteenth amendment, which gives only limited powers of legislation over state elections, must contain apt words bringing it within the province of the amendment, which words are wanting; that the fact that the section is not warranted by the fifteenth amendment does not render it null if it is authorized by article 1 of the constitution; and that if the discrimination complained of in this suit resulted, as alleged, in depriving the plaintiff of the privilege of voting equally with all others entitled to vote in a federal election, the declaration is good.

The demurrer is therefore overruled.

See *U. S.* v. *Wright, ante,* 112, and *U. S.* v. *Bader, ante,* 116.